**Ruth SKVARLA, Plaintiff–Appellant,**

**v.**

**John E. POTTER,\* Postmaster General of the United States, Defendant–Appellee.**

No. 04–1027.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 4, 2004.

Decided Aug. 13, 2004.

---

\* Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, John E. Potter has been substituted for William Henderson inso-

far as the suit is against Henderson in his official capacity.

**800**

Douglas M. Grimes, Gary, IN, for Plaintiff–Appellant.

Carol A. Davilo, Office of the United States Attorney, Hammond, IN, for Defendant–Appellee.

Before FLAUM, Chief Judge, BAUER, and SYKES, Circuit Judges.

### ORDER

This case was brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The plaintiff, 60–year–old Ruth Skvarla, claims that the Postal Service fired her from her position as a letter carrier because of her sex and her age, *see* 42 U.S.C. § 2000e–16(a); 29 U.S.C. § 633a, and in retaliation for filing grievances, *see* 42 U.S.C. § 2000e–3(a); 29 U.S.C. § 623(d). The Postal Service insists that it fired her because of poor work performance and unacceptable conduct. According to the magistrate judge (sitting by consent of the parties), Skvarla did not make out a prima facie case of discrimination or retaliation, nor did she show that the Postal Service's stated reasons were pretextual, as required under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802—05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We affirm.

Skvarla's termination was the last of a series of disciplinary measures over the course of four years, including: a letter of warning after being involved in a traffic accident; a 7–day suspension for disobeying direct orders and telling her supervisor to "go to hell"; a 14–day suspension (reduced on grievance to a letter of warning) for failing to deliver a quantity of mail; a 14–day suspension (upheld on grievance) for disobeying direct orders, for insubordination, and for being loud and disruptive on the workroom floor and in front of customers; a notice of removal (i.e., termination) (reduced on grievance to a 14–day suspension) after a confrontation with another employee; and finally a notice of removal (upheld on grievance) for "unsatisfactory work performance" and "unacceptable conduct" after a series of confrontations with her supervisor, Mary Hoffman, on May 25, 2000.

Skvarla filed a pair of complaints in the district court challenging one of her suspensions and her ultimate termination as both discriminatory and retaliatory. The cases were consolidated, and the Postal Service moved for and was granted summary judgment. In a detailed 34–page decision, the district court analyzed Skvarla's claims under the indirect method of *McDonnell Douglas*, which requires a plaintiff to establish a prima facie case of discrimination or retaliation by showing (among other things) that she was subjected to an adverse employment action and that a similarly situated employee from the non-protected class was treated more favorably; then, if the defendant articulates a legitimate, nondiscriminatory reason for the action, the plaintiff must present evidence showing that reason to be pretextual. *See Little v. Ill. Dep't of Revenue*, 369 F.3d 1007, 1011—12 (7th Cir.2004).

The district court concluded that Skvarla had not identified any similarly situated employees, younger or male, who were treated more favorably than she was, and thus had not made out a prima facie case of discrimination. The court also noted that the Postal Service had articulated legitimate, nondiscriminatory reasons for its actions—namely, Skvarla's disruptive behavior and poor work performance, combined with her prior disciplinary record—and that Skvarla had not shown those

reasons to be pretextual. As for Skvarla's claim that she was retaliated against for filing grievances, the court observed that all but one of those grievances had nothing to do with sex or age discrimination, and so were not protected activities under Title VII and the ADEA. Further, there was no evidence to suggest that Skvarla was fired in retaliation for the one remaining grievance.

On appeal, Skvarla tries to show that she has made out a prima facie case of discrimination by identifying male employees who were treated more favorably—employees who, like her, took short afternoon breaks, occasionally returned mail undelivered, and sometimes completed forms unnecessarily, but who were not disciplined. But Skvarla was not disciplined primarily because of those failings; rather, she was suspended and eventually fired because she disobeyed direct orders and repeatedly behaved in a disruptive and confrontational manner. *See Little,* 369 F.3d at 1016 (similarly situated employees must have engaged in comparably serious conduct). She suggests that those reasons are merely a pretext for discrimination and retaliation, but she presents no evidence to support that claim. *See O'Neal v. City of New Albany,* 293 F.3d 998, 1005 (7th Cir.2002) (a Title VII plaintiff may establish pretext by showing that the defendant's stated reasons are factually baseless, did not actually motivate the defendant, or were insufficient to motivate the adverse employment action). Although the evidence does suggest that Mary Hoffman—the supervisor who initiated Skvarla's termination proceedings—may not have liked Skvarla very much, mere personal dislike that is unrelated to the plaintiff's age, sex, or protected activities will not support a claim of discrimination or retaliation under Title VII or the ADEA. *See Peters v. Renaissance Hotel Operating Co.,* 307 F.3d 535, 548 n. 11 (7th Cir.2002). And although her lawyer suggested at oral argument that there was direct evidence that Skvarla was fired in retaliation for filing grievances, he could not identify any such evidence beyond the fact of the grievances themselves.

The judgment of the district court is AFFIRMED.